**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TYLIYAH S. LEE,<br>*Plaintiff,*<br><br>v.<br><br>BRANDON CASEY,<br>*Defendant.* | NO. |

## NOTICE OF REMOVAL

Defendant, Brandon Casey ("Casey"), by and through his attorneys, Fox Rothschild LLP, hereby removes this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Casey states as follows:

### THE STATE COURT ACTION

1. On September 13, 2026, Plaintiff Tyliyah S. Lee ("Lee") commenced this action by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, captioned *Tyliyah S. Lee v. Brandon Casey*, September Term 2026, No. 01507 (Case ID 260901507) (the "State Court Action"). A true and correct copy of the Civil Cover Sheet and Complaint is attached as Exhibit A.
2. The Complaint asserts a single count of battery (sexual assault) and seeks compensatory and punitive damages. *See* Complaint ¶¶ 15-20; *id.* at 3 (prayer for relief).
3. Casey denies each and every allegation of wrongdoing in the Complaint. Nothing in this Notice is, or shall be construed as, an admission of any allegation in the Complaint or of liability or damages in any amount.

4. On October 14, 2026, Lee filed a Motion for Alternative Service. On October 20, 2026, the Court of Common Pleas entered an Order granting the Motion and permitting service of the Complaint upon Casey by posting at his residence, regular mail, and certified mail. True and correct copies of the Motion and the Order are attached as Exhibit B.

5. Lee served the Complaint by posting at Casey's residence on October 26, 2026, and by regular mail on October 30, 2026. True and correct copies of the Affidavits of Service are attached as Exhibit C.

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Casey in the State Court Action are attached as Exhibits A through C.

## VENUE

7. Venue is proper in this Court because the United States District Court for the Eastern District of Pennsylvania is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. §§ 118(a), 1446(a). The State Court Action is pending in Philadelphia County, which lies within this District.

## GROUNDS FOR REMOVAL—DIVERSITY JURISDICTION

8. This action is removable under 28 U.S.C. §§ 1332(a) and 1441(a) because (i) there is complete diversity of citizenship between Lee and Casey, and (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. There is Complete Diversity of Citizenship.

9. Lee alleges that she is a citizen of the Commonwealth of Pennsylvania. *See* Complaint ¶ 1.

10. Casey is and was at the time the State Court action was commenced, a citizen of the State of Georgia. *See* Complaint ¶ 2.

11. Because Lee is a citizen of Pennsylvania and Casey is a citizen of Georgia, complete diversity of citizenship exists. *See* 28 U.S.C. § 1332(a)(1).

**B. The Amount in Controversy Exceeds $75,000.**

12. District courts have original jurisdiction over civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

13. Although the Complaint pleads damages only "in excess of $50,000.00," that figure is not a valuation of Lee's claim. Nor does the Complaint limit Lee's recovery to $75,000 or less.

14. Moreover, before filing suit, Lee's counsel demanded $15,000,000.00 from Casey. In a letter dated July 16, 2026, Lee's counsel stated that "we are revising our demand from 3 million to 15 million." A true and correct copy of that letter, redacted except for the sentence containing the demand, is attached hereto as Exhibit D.[1]

15. Accordingly, the amount in controversy far exceeds $75,000, exclusive of interest and costs.

## REMOVAL IS TIMELY

16. A notice of removal must be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1).

---

[1] Casey offers Exhibit D solely to establish the amount in controversy for purposes of subject-matter jurisdiction and not to prove or disprove the validity or amount of any disputed claim. *See* Fed. R. Evid. 408(a). Casey denies that Lee is entitled to any recovery.

17. Lee first effected service of the Complaint on Casey by posting on October 26, 2026. This Notice of Removal is filed within thirty days of that date and is therefore timely.

**OTHER PROCEDURAL REQUIREMENTS**

18. Casey has not filed an answer or other responsive pleading in the State Court Action.
19. Promptly after the filing of this Notice of Removal, Casey will give written notice of the removal to Lee's counsel and will file a copy of this Notice of Removal with the clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania, as required by 28 U.S.C. § 1446(d).
20. By removing this action, Casey does not waive, and expressly preserves, all objections and defenses, including without limitation all defenses available under Federal Rule of Civil Procedure 12.
21. Casey reserves the right to amend or supplement this Notice of Removal and to submit additional evidence in support of removal should Lee challenge the amount in controversy or any other basis for removal.

**WHEREFORE,** Defendant Brandon Casey respectfully requests that the above-captioned action be removed from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, the same as though this action had originally been filed in this Court.

Dated: November 19, 2026

Respectfully submitted,

**FOX ROTHSCHILD LLP**

*/s/ Michael Eidel*

Michael Eidel, Esquire (Atty No. 92498)
Nicholas J. Guiliano, Esquire (Atty No. 332158)
Two Commerce Square
2001 Market Street, Suite 1700
Philadelphia, PA 19103
Phone: (215) 299-2000
meidel@foxrothschild.com
nguiliano@foxrothschild.com

*Attorneys for Brandon Casey*

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2026, I caused a true and correct copy of the foregoing Notice of Removal to be served upon the following counsel via electronic mail and first-class mail, postage pre-paid:

Jeffrey B. First, Esquire
Law Office of Jeffrey B. First
6100 City Avenue, Suite 417
Philadelphia, PA 19131
jeff@jefffirstlaw.com

*Attorney for Plaintiff Tyliyah S. Lee*

**FOX ROTHSCHILD LLP**

*/s/ Michael Eidel*
Michael Eidel, Esquire (Atty No. 92498)

*Attorneys for Brandon Casey*